IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZEEHLU YANG,

       Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

       Defendant.

Case No. 15-2686-JAR

**MEMORANDUM AND ORDER**

Plaintiff Zeehlu Yang filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, asserting claims based on the contents of a debt collection letter sent by Defendant Midland Credit Management, Inc. ("MCM").[1] This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Petition under Fed. R. Civ. P. 12(b)(1) and (b)(6) (Doc. 8). As explained more fully below, the Court denies Defendant's motion.

**I.  Background**

The following facts are alleged in the Petition and taken as true for purposes of deciding this motion. Plaintiff is an individual consumer. Defendant is in the business of collecting consumer debts using the mails and telephone and regularly attempts to collect debts alleged to be due another.

On January 2, 2015, Defendant, in an attempt to collect a debt, sent a debt collection letter to Plaintiff.[2] The letter stated "[s]pecial offers are now available to help you resolve your unpaid T-Mobile account, which is owned by MIDLAND FUNDING, LLC. Select one of the

---

[1] Plaintiff originally filed her Petition in Kansas state court and Defendant removed the action to this Court based on federal question jurisdiction. Doc. 1.

[2] Doc. 1, State Court Petition Ex. A.

three options below and get closer to having one less thing to worry about." The letter showed Plaintiff's balance as $1,629.69. The options included one discounted payment in full of $651.87, six monthly payments of $217.29, or to call an account manager for more options. The letter further stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.
>
> *If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**.[3]

Plaintiff has not been sued on the T-Mobile account that is the subject of her Petition. The state of Kansas has a revival statute, which states that a partial payment on a debt revives the statute of limitations, regardless of how long the debt has been stale.[4] Plaintiff alleges that if she made one of the six partial payments as offered in the letter, the effect of such payment would revive the statute of limitations.

## II. Discussion

To establish a violation of the FDCPA, Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.[5]

Plaintiff claims that MCM's letter violated two sections of the FDCPA: 1)

---

[3]*Id.*

[4]K.S.A. § 60-520.

[5]*See Deporter v. Credit Bureau of Carbon City Cnty.*, No. 14-cv-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).

2

§ 1692e(2)(A)'s prohibition on the "false representation of . . . the character . . . or legal status" of Plaintiff's debt; and 2) § 1692e(10)'s prohibition on the "use of any false representation or deceptive means to collect or attempt to collect any debt." The statute provides for the recovery of actual damages, statutory damages of $1000, as well as costs and attorney's fees.[6]

### A. Ripeness

"The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)."[7] "In order for a claim to be justiciable under Article III, it must be shown to be a ripe controversy."[8] Ripeness pertains to timing of a case and is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[9] Ripeness is a component of the Article III requirement that limits judicial review to "cases or controversies."[10] To satisfy Article III's case-or-controversy requirement, a claim must present an impending "injury in fact."[11] To satisfy the injury in fact requirement, a "plaintiff must allege concrete plans rather than mere 'some day intentions.'"[12]

Defendant argues that this case is not ripe because Plaintiff has not made a partial payment on the debt and Defendant promised in the letter that it will not sue Plaintiff on the debt. In support, Defendant offers the Declaration of Craig Noack, Director of Legal Collections for

---

[6]15 U.S.C. § 1692k.

[7]*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).

[8]*Id.*

[9]*Id.* (quoting *Abbott Labs v. Gardner*, 397 U.S. 136, 148 (1967)).

[10]U.S. Const. art. III, § 2; *see U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999).

[11]*Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996).

[12]*Verizon Wireless (VAW) v. City of Rio Rancho, N.M.*, 476 F. Supp. 2d 1325, 1331 (D.N.M. 2007) (quoting *Roe #2 v. Ogden*, 253 F.3d 1225, 1229 (10th Cir. 2001)).

MCM, stating that Defendant's corporate policy is to not pursue legal action on debts that are time-barred, regardless of whether a subsequent payment may revive the debt under applicable state law.[13] Plaintiff responds that this case is ripe because Defendant's letter failed to disclose that partial payment would revive the statute of limitations on Plaintiff's time-barred debt. The Court agrees. The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation.[14] Once Defendant sent Plaintiff the letter, the alleged injury under the FDCPA—false representation and/or deception— transpired.[15] Defendant does not cite to, nor has the Court found authority to support the claim that a consumer must act upon a debt collector's representations or deceptive acts in order to suffer an injury. In fact, such a requirement would appear to undermine the deterrent effect of strict liability. Defendant's motion is denied on these grounds.

### B. Plausible Claim

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[16] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[17] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[18] but requires

---

[13] Doc. 9, Noack Decl. at 2.

[14] *See* 15 U.S.C. § 1692k; *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 n.7 (3d Cir. 2011) (collecting cases supporting the generally accepted characterization of the FDCPA as a strict liability statute).

[15] 15 U.S.C. §§ 1692e(2)(A), 1692e(10). One of the purposes of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[17] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

more than "a sheer possibility."[19]

The Tenth Circuit has recognized that other circuit courts of appeal have applied an objective standard when analyzing claims under the FDCPA, "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector."[20]  Under this standard, the courts consider "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives."[21]  The Tenth Circuit also explained, however, that the least sophisticated consumer'" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'"[22]  Accordingly, while the test "protects the naïve and credulous," the courts apply this standard in a way that "protects debt collectors against liability for unreasonable misinterpretations of collection notices."[23]

The Tenth Circuit has not expressly adopted the least sophisticated consumer standard, but it has, in an unpublished opinion, "applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector."[24]  Accordingly, the Court will apply the least sophisticated consumer standard to Plaintiff's claims.[25]

---

[19]*Id.*

[20]*Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (citing *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpublished table opinion)).

[21]*Id.* (citation and quotation omitted).

[22]*Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

[23]*Id.*

[24]*Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (citation and quotation omitted); *see also Fouts v. Express Recovery Servs., Inc.*, 602 F. A'ppx 417, 420 (10th Cir. 2015) (discussing the "least sophisticated consumer" standard).

[25]*See Kalebaugh*, 43 F. Supp. 3d at 1220; *Rachoza v. Gallas & Schultz*, No. 97-2264-EEO, 1998 WL 171280, at *4 (D. Kan. Mar. 23, 1998).

As an additional matter, the Court notes that the material facts in this case appear to be undisputed, as Plaintiff's claims are premised on the contents of the letter.  There is a split of authority whether claims arising under § 1692e may be resolved as a matter of law where the underlying facts are not in dispute.  "[T]he Second, Fourth, and Ninth Circuits have determined that the question whether a communication is false and deceptive in violation of section 1692e is a question of law for the Court."[26]  However, "the Fifth, Sixth, Seventh, and Eleventh Circuits have come to the opposite conclusion, finding that this determination is a question of fact for the jury."[27]  Nevertheless, "even the courts adopting [the latter] view have explained that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter."[28]  Although the Tenth Circuit has not addressed the issue of whether a claim arising under § 1692e is a question of law or fact, Judge Crabtree recently predicted that the Tenth Circuit would decide that the determination of whether the language in a collection letter is confusing or misleading to the least sophisticated consumer under § 1692e is a question of law that is appropriately resolved on summary judgment.[29]

Here, as already mentioned, it appears from Plaintiff's Petition that the material facts in this case are not disputed and that her claims under § 1692e only require a review of the letter to determine whether it violates the FDCPA.  The Court agrees with Judge Crabtree that it may determine whether the letter violates § 1692e as a matter of law.[30]  The Court further concludes

---

[26]*Id.* at 1222 (collecting cases).

[27]*Id.* (collecting cases).

[28]*Id.* (citing *Kuehn v. Cadle Co, Inc.*, 335 F. App'x 827, 830 (11th Cir. 2009); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)).

[29]*Kalebaugh*, 43 F. Supp. 3d at 1223.

[30]*Id.*; *Gill v. Credit Bureau of Carbon Cnty.*, No. 14-cv-01888-KMT, 2015 WL 2128465, at *4 (D. Colo. May 5, 2015) (following *Kalebaugh*).

6

that the summary judgment stage is more appropriate to address the question of whether the letter violates § 1692e(2)(A) or (10) because Defendant's letter does not inform Plaintiff that any partial payment would result in the revival of Plaintiff's debt under Kansas law.[31]  Accordingly, the Court denies Defendant's motion to dismiss under Rule 12(b)(6), and invites the parties to instead address in cross-motions for summary judgment the issue of whether the letter sent by Defendant violates § 1692e as a matter of law.[32]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 8) is DENIED.

**IT IS SO ORDERED.**

Dated: February 2, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[31] *Cf. Kalebaugh v. Cohen, McNeile & Pappas, P.C.*, 76 F. Supp. 3d 1251, 1255 (D. Kan. 2015) (concluding that the motion to dismiss stage is appropriate to address the contradiction/overshadowing violation in § 1692g).

[32] *See* Fed. R. Civ. P. 56(f)(3) (permitting court to invite a motion for summary judgment on its own after identifying material facts that may not be genuinely in dispute).  The Court notes that the dispositive motions deadline has been extended to May 2, 2016.  Doc. 29.